# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

_____

PATRICK R. ASHLEY,

                     Petitioner,

        v.                                    Civil Action No.
                                              9:12-CV-1703 (DNH/DEP)

BRUCE S. YELICH,

                     Respondent.

_____

APPEARANCES:                           OF COUNSEL:

FOR PETITIONER:

PATRICK R. ASHLEY, _Pro Se_
08-A-1195
Onondaga County Justice Center
555 South State Street
Syracuse, New York 13201

FOR RESPONDENT:

HON. ERIC T. SCHNEIDERNAM       PAUL B. LYONS, ESQ.
New York State Attorney General    Assistant Attorney General
120 Broadway
New York, New York 10271

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

*Pro se* petitioner Patrick R. Ashley, a New York State prison inmate, has commenced this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. In relevant part, petitioner contends that his judgment of conviction should be vacated because he received ineffective assistance of appellate counsel in light of his attorney's failure to argue, on appeal from his resentencing, that his waiver of indictment was invalid. Respondent opposes Ashley's petition, contending that the invalid waiver of indictment claim was raised on appeal and, in any event, is meritless. For the reasons set forth below, I recommend that the petition be denied.

I.    <u>BACKGROUND</u>

A.    <u>Petitioner's 1999 Conviction, Sentence, and Re-sentence</u>

On August 2, 1999, petitioner pleaded guilty in St. Lawrence County Court, in answer to the return of Indictment No. 98-252, to two counts of robbery in the second degree in violation of New York Penal Law § 160.10. Dkt. No. 13-1. Although New York law mandated that petitioner's sentence in connection with that plea include a period of post-release supervision ("PRS"), the county court failed to impose PRS, sentencing

petitioner only to two concurrent terms of five years imprisonment.[1] *Id.* at 15.

Upon petitioner's release from incarceration, the New York State Department of Corrections and Community Supervision ("DOCCS") administratively imposed a five-year period of PRS. Dkt. No. 13-5 at 6. On September 11, 2008, Ashley filed a petition in Wyoming County Supreme Court, pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR"), challenging the DOCCS's imposition of PRS. Dkt. No. 13-29. The Wyoming County Supreme Court granted the petition, finding that "the period of post-release supervision [was] invalid." *Id.* at 3. Over a year later, in December 2009, petitioner filed a motion in St. Lawrence County Court, pursuant to New York Criminal Procedure Law ("CPL") § 440.20, to set aside his 1999 sentence as illegal. Dkt. No. 13-38. At a hearing conducted on March 1, 2010, the court granted that motion and resentenced petitioner to the original sentence of two concurrent five-year terms of imprisonment but again did not impose any period of PRS. Dkt. No. 13-41 at 5.

---

[1]     I will hereafter refer to this conviction as the "1999 conviction."

B.    Petitioner's 2008 Conviction, Sentence, and Re-Sentence

On November 16, 2007, petitioner was arrested and charged in a felony complaint with attempted robbery in the first degree in violation of New York Penal Law §§ 110.00, 160.15(1). Dkt. Nos. 13-7, 13-8. Following his arrest, petitioner was arraigned in the Town of Morristown Court and was remanded to the St. Lawrence County Jail. Dkt. Nos. 13-8, 13-9.

Petitioner's assigned counsel in connection with that matter, Brian Pilatzke, Esq., received a notice on November 19, 2007, advising of a grand jury proceeding scheduled for November 20, 2007. Dkt. No. 13-10. The day the grand jury was scheduled to convene, and while the felony complaint was still pending in town court, petitioner and his attorney appeared in St. Lawrence County Court. Dkt. No. 13-12. During that appearance, petitioner waived his right to a preliminary hearing, and the court then ordered jurisdiction divested from the town court. *Id.* at 2-3. Petitioner also waived his right to have his case presented to the grand jury and signed a waiver of indictment in open court. *Id.* at 3-5; Dkt. No. 13-13. Satisfied that the waiver was valid, the court directed that superior court information ("SCI") No. 2007-251 be filed in St. Lawrence County Court, charging petitioner with attempted robbery in the first degree. Dkt.

4

No. 13-12 at 5-6, 11-12. Petitioner then entered a plea of guilty to the felony charged in the SCI, waiving his right to appeal and acknowledging his 1999 conviction.

Represented by new counsel, James L. Monroe, Esq., petitioner filed a motion to withdraw his guilty plea on February 20, 2008, in St. Lawrence County Court arguing, *inter alia*, that Attorney Pilatzke did not "inform the Court of the jurisdictional defect that [he] found in the [SCI No.] 2007-251." Dkt. No. 13-23 at 5; Dkt. No. 13-25 at 4. The court denied petitioner's motion on February 25, 2008. Dkt. No. 13-25 at 3-4. On February 28, 2008, petitioner was sentenced as a second violent felony offender to nine years of imprisonment to be followed by five years of PSR, and was ordered to pay $860.77 in restitution.[2] Dkt. No. 13-26 at 18-19. Prior to sentencing, petitioner renewed his request to withdraw his plea on the basis that his waiver of indictment was not valid. Dkt. No. 13-26 at 15-17. The court denied that request. *Id.*

On or about January 21, 2010, petitioner filed a motion in St. Lawrence County Court to set aside his sentence on the 2008 conviction pursuant to CPL § 440.20. Dkt. No. 13-47. In that motion, petitioner argued, *inter alia*, that the sentence imposed was illegal because it was

_____

[2]      This conviction will be hereafter referred to as the "2008 conviction."

premised on the incorrect assumption that he was a second violent felony

offender. *See generally id.* Petitioner contended that, instead, at the time

of sentencing for the 2008 conviction, he was "only a first violent felony

offender." *Id.* at 8 (brackets and citations omitted). The St. Lawrence

County Court conducted a hearing on March 1, 2010 to address the

motion, as well two other applications filed by petitioner. Dkt. No. 13-41. At

the hearing, the court first resentenced petitioner on the 1999 conviction,

as discussed above, and reserved decision concerning petitioner's CPL §

440.20 motion to vacate his sentence for the 2008 conviction. *Id.* at 5-6,

10. On June 15, 2010, the court issued a written decision, *inter alia*,

granting petitioner's CPL § 440.20 motion and vacating the sentence

imposed in connection with the 2008 conviction. Dkt. No. 53 at 5-7, 14. On

September 16, 2010, petitioner was resentenced to the same sentence

originally imposed – nine years imprisonment with five years PRS – but as

a first violent felony offender in light of the court's decision to vacate the

1999 conviction's sentence and resentence him in March 2010. Dkt. No.

60.

## II.   PROCEDURAL HISTORY

### A.   Relevant State Court Post-Conviction Proceedings[3]

Represented by John A. Cirando, Esq., petitioner filed a direct appeal from the St. Lawrence County Court's judgment of conviction. Dkt. No. 13-33. In that appeal Ashley argued, *inter alia*, that his plea was not voluntary, his trial counsel provided him with ineffective assistance, and his sentence was harsh and excessive. *Id.* Petitioner did not, however, include any claim regarding the validity of his waiver of the indictment. *Id.* The New York State Supreme Court Appellate Division, Third Department, affirmed Ashley's conviction on November 19, 2009.[4] Dkt. No. 13-36 at 3-6; *People v. Ashley*, 67 A.D.3d 1199 (3d Dep't 2009).

On December 4, 2009, petitioner filed a *pro se coram nobis* motion claiming that Attorney Cirando was ineffective for failing to include an argument regarding the validity of petitioner's waiver of indictment in the

---

[3]      As is reflected in the voluminous state court records provided by respondent in response to Ashley's pending petition, petitioner has filed many state-court appeals and motions at various times since his original conviction in 1999. *See generally* Dkt. No. 13. Because the only question before the court in connection with the pending petition is whether petitioner was denied effective assistance of appellate counsel concerning his waiver of indictment in connection with the 2008 conviction, I have included in the following recitation only those state-court filings that are relevant to that issue.

[4]      The Third Department later granted reargument, vacated the November 19, 2009 decision, and issued another decision again affirming petitioner's conviction. *People v. Ashley*, 71 A.D.3d 1286 (3d Dep't 2010). With one minor omission not relevant to the instant proceeding, the two decisions are identical. *Compare Ashley*, 67 A.D.3d 1199 (3d Dep't 2009) *with Ashley*, 71 A.D.3d 1286 (3d Dep't 2010).

appeal filed in April 2009. Dkt. Nos. 13-79, 13-80. The Third Department summarily dismissed petitioner's motion on January 20, 2010, *People v. Ashley*, 2010 NY Slip Op 61528(U), 2010 WL 198975 (3d Dep't Jan. 20, 2010),[5] and the New York State Court of Appeals denied petitioner's application for leave to appeal that decision on March 2, 2010. *People v. Ashley*, 14 N.Y.3d 838 (2010).

On August 17, 2010, after petitioner's Article 78 petition had been granted and the St. Lawrence County Court granted petitioner's CPL § 440.20 motion requesting that his sentence be vacated on the grounds that he was erroneously sentenced as a second violent felony offender, petitioner filed a *pro se* motion pursuant to CPL § 220.20 requesting dismissal of the SCI that gave rise to the 2008 conviction.[6] Dkt. No. 13-57. Petitioner argued that dismissal was appropriate because (1) his waiver of indictment did not conform to CPL § 195.10;[7] and (2) the SCI erroneously

---

[5]     All unreported cases cited to in this report have been appended for the convenience of the *pro se* petitioner.

[6]     On the same date, petitioner filed a *pro se* motion, pursuant to CPL § 220.60, seeking to withdraw his guilty plea in connection with the 2008 conviction. Dkt. No. 13-56. He included a similar request in a memorandum submitted on or about July 13, 2010, in connection with his resentencing. Dkt. No. 13-55.

[7]     That section provides as follows:

          A defendant may waive indictment and consent to be
          prosecuted by superior court information when:

described attempted robbery in the first degree as an "armed" Class C felony. *Id.* Although the St. Lawrence County Court resentenced petitioner on the 2008 conviction on September 16, 2010, the court reserved decision on petitioner's then-pending CPL § 220.20 motion to dismiss. Dkt. No. 13-60 at 25. Nearly two months later, the court issued a written decision on November 9, 2010, denying the motion and finding that petitioner's waiver of indictment was valid. Dkt. No. 13-62 at 4.

On April 15, 2011, petitioner, through his assigned attorney, Lisa A. Burgess, Esq., filed an appeal in the Third Department contending that the St. Lawrence County Court erred in resentencing petitioner on September 16, 2010, before deciding the pending motions to withdraw his plea and dismiss the SCI. Dkt. No. 13-71. The Third Department dismissed

---

(a) a local criminal court has held the defendant for the action of a grand jury; and

(b) the defendant is not charged with a class A felony punishable by death or life imprisonment; and

(c) the district attorney consents to the waiver.

2. A defendant may waive indictment pursuant to subdivision one either:

(a) The local criminal court in which the order was issued holding the defendant for action of a grand jury, at the time such order is issued; or

(b) the appropriate superior court, at anytime prior to the filing of an indictment by the grand jury.

N.Y. C.P.L. § 195.10.

petitioner's appeal on November 17, 2011, after reviewing the merits of his motions to dismiss filed in St. Lawrence County Court. Dkt. No. 13-76; *People v. Ashley*, 89 A.D.3d 1283 (2011).The appellate court concluded that because the county court's "failure to expressly rule on a motion is deemed a denial thereof[,] . . . defendant's motions [to dismiss] are deemed to have been denied at the time of sentencing[.]" Dkt. No. 13-76 at 3; *Ashley*, 89 A.D.3d at 1284-85. For that reason, the court proceeded to review the merits of petitioner's motions below. Dkt. No. 13-76 at 3-4; *Ashley*, 89 A.D.3d at 1285. In its analysis, however, the Third Department did not address petitioner's argument regarding the validity of his waiver of indictment. Dkt. No. 13-76 at 4; *Ashley*, 89 A.D.3d at 1285.

Petitioner subsequently filed a second *pro se coram nobis* application in the Third Department on or about December 21, 2011, arguing that Attorney Burgess provided ineffective assistance of counsel by failing to include his invalid waiver of indictment claim in his appeal filed in April 2011. Dkt. No. 13-81. The Third Department summarily denied petitioner's motion on February 3, 2012, Dkt. No. 13-83; *People v. Ashley*, 2012 N.Y. Slip Op. 63821(U), 2012 WL 413715 (3d Dep't Feb. 3, 2012), and the Court of Appeals denied his request for leave to appeal that ruling

on June 11, 2012. Dkt. No. 13-86; *People v. Ashley*, 19 N.Y.3d 957 (June 11, 2012).

### B.    Proceedings in This Court

Petitioner commenced this proceeding on November 19, 2012. Dkt. No. 1. In his petition, Ashley initially raised three arguments, asserting that (1) his guilty plea was unconstitutionally entered, (2) he received ineffective assistance from his trial counsel, and (3) he received ineffective assistance from his appellate counsel. *Id.*; *see also* Dkt. No. 4. Appropriately named as the respondent in Ashley's petition is Bruce S. Yelich, the superintendent of the facility in which he was incarcerated at the time of filing. Dkt. No. 1.

On May 29, 2013, on behalf of Superintendent Yelich, the Office of the New York State Attorney General responded to Ashley's petition through the filing of an answer, a separate memorandum opposing petitioner's request for relief, and the relevant state court records. Dkt. Nos. 11, 12, 13. Petitioner has since countered respondent's opposition with the filing of a reply, on June 10, 2013, followed by a separate memorandum. Dkt. Nos. 14, 15.

Shortly after the filing of his reply papers, petitioner moved to withdraw grounds one and two of his petition, to which respondent

consented. Dkt. Nos. 17, 18. Not satisfied that petitioner fully understood the ramifications of withdrawing those grounds, the court reserved decision on the motion pending further notification of petitioner's intent. Dkt. No. 20. On July 22, 2013, petitioner confirmed his intent to withdraw the two claims, and his petition is now deemed to include only his ineffective assistance of appellate counsel claim. Dkt. Nos. 21, 23.

Ashley's petition, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b).

III.    DISCUSSION

A.    Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in a state court only if, based upon the record before that court, the adjudication of the claim (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Cullen v. Pinholster*, ---

U.S. ---, 131 S. Ct. 1388, 1398, 1400 (2011) (citing 28 U.S.C. § 2254(d));

*Premo v. Moore*, 562 U.S. 115, 120-21 (2011); *Thibodeau v. Portuondo*,

486 F.3d 61 (2d Cir. 2007) (Sotomayor, J.). The AEDPA "'imposes a highly

deferential standard for evaluating state-court rulings' and 'demands that

state-court decisions be given the benefit of the doubt.'" *Felkner v.

Jackson*, 562 U.S. 594, 598 (2011) (per curiam) (quoting *Renico v. Lett*,

559 U.S. 766, 773 (2010)); *accord, Cullen*, 131 S. Ct. at 1398. Federal

habeas courts must presume that the state court's factual findings are

correct "unless applicants rebut this presumption with 'clear and

convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007)

(quoting § 2254(e)(1)); *see also Boyette v. Lefevre*, 246 F.3d 76, 88 (2d

Cir. 2001). "The question under AEDPA is not whether a federal court

believes the state court's determination was incorrect but whether that

determination was unreasonable – a substantially higher threshold." 

*Schriro*, 550 U.S. at 473 (citing *Williams v. Taylor*, 529 U.S. 362, 410

(2000)).

    As required by section 2254, on federal habeas review, a court may

only consider claims that have been adjudicated on the merits by the state

courts. 28 U.S.C. § 2254(d); *Cullen*, 131 S. Ct. at 1398; *Washington v.

Schriver*, 255 F.3d 45, 52-55 (2d Cir. 2001). The Second Circuit has held

that, when a state court adjudicates a claim on the merits, "a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim – even if the state court does not explicitly refer to either the federal claim or to relevant federal case law." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001).

    B.    <u>Ineffective Assistance of Appellate Counsel Claim</u>

Petitioner contends that the representation provided by his appellate counsel, Attorney Burgess, was ineffective based upon her failure to include his invalid waiver of indictment claim in his appeal following his resentencing on the 2008 conviction. Dkt. No. 1 at 5; Dkt. No. 4 at 6-7.

A defendant's constitutional right to effective counsel extends to representation on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). The well-established standard governing ineffective assistance of counsel claims, as detailed in *Strickland v. Washington*, 466 U.S. 668 (1984), applies equally to claims of ineffective assistance of appellate counsel. *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001). "To prevail on such a claim, [a] [p]etitioner must show, not only that his counsel's representation was fundamentally defective, but also that, but for the counsel's errors, there is a reasonable probability that the result of the proceeding would have been different." *Aparicio*, 269 F.3d at 95 (citing *Strickland*, 466 U.S.

at 687). In the appellate context, "[c]ounsel is not obliged to advance every nonfrivolous argument that could be made." *Aparicio*, 269 F.3d at 95 (citing *Evitts*, 469 U.S. at 394). "'However, a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.'" *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000) (quoting *Mayo v. Henderson*, 13 F.d 528, 533 (2d Cir. 1994)).

To be constitutionally deficient, the attorney's conduct must fall "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690; *accord, Rivas v. Fischer*, 780 F.3d 529, 546 (2d Cir. 2015). An attorney's performance is judged against this standard in light of the totality of the circumstances and from the perspective of counsel at the time of the appeal, with every effort made to "eliminate the distorting effects of hindsight[.]" *Strickland*, 466 U.S. at 689; *see also Rivas*, 780 F.3d at 547 (noting the court's "scrutiny of counsel's performance must be 'highly deferential'" (quoting Strickland, 466 U.S. at 689)).

In this case, the Third Department summarily denied petitioner's *coram nobis* motion, in which the argument now presented was raised. Dkt. No. 13-81. Petitioner's claim is therefore deemed to have been

adjudicated on the merits. *See Sellan*, 261 F.3d at 314 (holding that unless there is a basis for believing claim was denied on procedural grounds, a denial of a *coram nobis* motion is an adjudication on the merits). Accordingly, the court must review the denial under the deferential standards prescribed in 28 U.S.C. § 2254. As is discussed below, having applied that standard, I recommend a finding that the state court did not unreasonably apply *Strickland* to the petitioner's circumstances because Attorney Burgess' failure to raise the invalid waiver of indictment claim on appeal was not objectively unreasonable and, even assuming it was, it did not prejudice petitioner.[8]

Petitioner urges that the invalid waiver of indictment claim was a "significant and obvious issue that should have resulted in the reversal of [his] conviction." Dkt. No. 4 at 13-15. He asserts that his waiver of indictment was invalid because he "was never 'held' for grand jury action

---

[8]  Respondent argues that this claim is "baseless because his indictment-waiver claim was, in fact, brought up on appeal." Dkt. No. 12 at 54-55. This contention misrepresents the facts and mistakenly suggests that Attorney Burgess included the waiver of indictment claim in petitioner's appeal, which she did not. Instead, on appeal, petitioner argued that the St. Lawrence County Court erred in failing to rule on his motions pursuant to CPL §§ 220.20, 220.60 before resentencing him on the 2008 conviction. Dkt. No. 13-71 at 2-9. While the Third Department declared its intention to "review the merits of [petitioner]'s motions," it did not address the question of whether petitioner's waiver of indictment was valid. Dkt. No. 76; *Ashley*, 89 A.D.3d at 1285. Accordingly, respondent's suggestion that petitioner's ineffective assistance of appellate counsel claim is moot because he did, in fact, raise the issue on appeal is not supported by the record.

by a 'local criminal court' at the time he waived indictment" in the St. Lawrence County Court. *Id.* at 14.

The New York State Constitution recognizes a right to indictment by a grand jury. N.Y. Const., art. I, § 6. Unlike under the United States Constitution, where the right to indictment by a grand jury is considered a personal privilege, New York considers this right a "'public fundamental right,' which is the basis of jurisdiction to try and punish an individual." *People v. Boston*, 75 N.Y.2d 585, 587 (1990) (citation omitted). While this right was once regarded as precluding a defendant from waiving indictment, the constitution was amended in 1974 to account for one exception. *Boston*, 75 N.Y.2d at 587-88. This exception, codified in CPL § 195.10, allows for a criminal defendant to waive indictment by a grand jury and consent to be prosecuted based upon a SCI if certain requirements are met. *Id.* at 588; *see also* N.Y. C.P.L. § 195.10(1). Specifically, a criminal defendant may waive indictment when, among other conditions not relevant to this case, "a local criminal court has held the defendant for the action of a grand jury[.]" N.Y. C.P.L. § 195.10(1). An indictment can be waived under this provision either in "(a) [t]he local criminal court in which the order was issued holding the defendant for action of a grand jury, at the time such order is issued; or (b) the appropriate superior court, at any

17

time prior to the filing of an indictment by the grand jury." N.Y. C.P.L. §

195.10(2). The purpose of this statutory procedure is to afford criminal

defendants speedier dispositions of their charges and eliminate

unnecessary grand jury proceedings. *Boston*, 75 N.Y.2d at 589.

Under New York law, a defendant is considered to have been "held"

for a grand jury action upon "the filing of a felony complaint on which

defendant has been arraigned and a finding after a preliminary hearing

(unless waived by defendant) that reasonable cause exists to believe that

defendant committed a felony[.]" *People v. Barber*, 280 A.D.2d 691, 692

(3d Dep't 2001) (citations omitted). "In practical terms, this means that a

defendant must be arrested and arraigned in a local criminal court prior to

executing the waiver." *People v. Mitchell*, 235 A.D.2d 834, 835 (3d Dep't

1997) (citation omitted). One court has described the requirement as a

"judicial determination of probable cause to believe [the defendant]

committed 'the crime charged in the [felony complaint.]'" *People v. Baez*,

862 N.Y.S.2d 273, 278-79 (N.Y. Sup. Ct. N.Y. Cnty. 2008). This "judicial

screening" serves as a "rough surrogate for the grand jury evidence-

sifting." *Baez*, 862 N.Y.S.2d at 277.

The fact that a matter has been transferred to county court

constitutes evidence that the defendant has been held for a grand jury

action. *Barber*, 280 A.D.2d at 693 (citing *People v. Washington*, 138 A.D.2d 857, 858 (3d Dep't 1988)). In a case such as this, where the defendant has waived his right to a preliminary hearing, there exists a presumption of regularity, and, in the absence of proof to the contrary, a waiver of indictment is valid, and the county court properly acquires jurisdiction over the matter. *People v. Sabin*, 905 N.Y.S.2d 282, 283 (3d Dep't 2010); *Barber*, 280 A.D.2d at 693; *see also People v. Hurd*, 12 A.D.3d 1198, 1198-99 (4th Dep't 2004); *People v. Chad S.*, 237 A.D.2d 986, 986 (4th Dep't 1997).

Here, petitioner met the requirements set forth in CPL § 195.10(2) because he waived indictment in the appropriate superior court – St. Lawrence County Court – prior to the filing of a grand jury indictment. Dkt. No. 13-12 at 4-5. Further, the local court held petitioner for action of the grand jury in satisfaction of CPL § 195.10(1). Specifically, a felony complaint was filed charging petitioner with attempted robbery in the first degree, and he was arraigned in a local criminal court on that charge. Dkt. Nos. 13-7, 13-8; *see Barber*, 280 A.D.2d at 692. Ashley was then remanded to the St. Lawrence County Jail. Dkt. Nos. 13-8, 13-9. The fact that petitioner was arraigned on a felony complaint, prior to exercising his

waiver, suggests that the local court held him for grand jury action. [9]

*Mitchell*, 235 A.D.2d at 835.

In light of the foregoing, I recommend a finding that petitioner validly waived his right to indictment by a grand jury and, accordingly, the Third Department did not unreasonably reject petitioner's second *coram nobis* motion. Because the waiver of indictment was valid, appellate counsel's failure to raise the claim on direct appeal from petitioner's resentencing was not outside the range of professionally competent assistance. For the same reason, even assuming appellate counsel's representation was deficient, I recommend a further finding that petitioner cannot establish prejudice. Accordingly, I recommend petitioner's waiver of indictment claim be dismissed. [10]

---

[9]    In addition, on his waiver of indictment form, petitioner expressly acknowledged that he was being held for grand jury action. Dkt. No. 13-13 at 2.

[10]    Petitioner's reliance on *People v. Planty*, 216 A.D.2d 895, (4th Dep't 1995), which he cited in his second *coram nobis* motion to the Third Department, is misplaced. In that case, the charges remained pending in local court at the time the defendant waived his right to indictment. *Planty*, 216 A.D.2d at 896. In petitioner's case, by contrast, the charges were no longer pending in town court at the time he waived his right to indictment. The county court had, by that time, divested the town court of jurisdiction and petitioner's counsel had received notice of grand jury proceedings. In light of these factual distinctions, and because, as discussed above, petitioner's waiver was in accordance with CPL § 195.10, *Planty* is inapposite.

C.    Certificate of Appealability

To appeal a final order denying a request for habeas relief by a state prisoner, a petitioner must obtain from the court a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); *see also* Fed. R. App. P. 22(b)(1) ("[T]he applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."). In the absence of a COA, a federal court of appeals lacks jurisdiction to entertain an appeal from the denial of a habeas petition. *Hoffler v. Bezio*, 726 F.3d 144, 152 (2d Cir. 2013). A COA may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Hoffler*, 726 F.3d at 154. A petitioner may demonstrate a "substantial showing" if "the issues are debatable among jurists of reason; . . . a court could resolve the issues in a different manner; or . . . the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (quotation marks and alterations omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("[A] COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling."). In this instance, I conclude that the petitioner has not made a substantial showing of the denial of a constitutional right and therefore recommend against the issuance of a COA.

IV.   SUMMARY AND RECOMMENDATION

Although petitioner originally set forth three grounds in support of his petition seeking habeas relief, he has since withdrawn two, leaving only his claim that he received ineffective assistance from his appellate counsel. After a careful review of the relevant legal standards and record evidence, I have concluded that it was not objectively unreasonable for petitioner's attorney not to raise the waiver of indictment argument on appeal, and, in any event, petitioner did not suffer any prejudice as a result of that failure.

Accordingly, it is hereby respectfully

RECOMMENDED that the petition in this matter (Dkt. No. 1) be DENIED and DISMISSED in all respects; and it is further

RECOMMENDED, based upon my finding that Ashley has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), that a certificate of appealability not issue with respect to any of the claims set forth in his petition.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     October 27, 2015
           Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

January 20, 2010

2010 WL 198975 (N.Y.A.D. 3
Dept.), 2010 N.Y. Slip Op. 61528(U)

**This motion is uncorrected and is not subject to
publication in the Official Reports.**

THE PEOPLE OF THE STATE
OF NEW YORK, Respondent,
v.
PATRICK R. ASHLEY, Appellant.

**MOTION DECISION**
Case # 01662B
Supreme Court, Appellate Division,
Third Department, New York

MERCURE, J.P., LAHTINEN, McCARTHY and GARRY,
JJ., concur.

Motion for writ of error coram nobis to vacate decision
and order of this Court in People v Ashley (67 AD3d 1199
[2009]). Upon the papers filed in support of the motion and
the papers filed in opposition thereto, it is ORDERED that the
motion is denied.

ENTER: Michael J. Novack Clerk of the Court

Copr. (c) 2015, Secretary of State, State of New York

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Appellate Division of the Supreme Court of the State of New York
2012 NY Slip Op 63821 (N.Y. App. Div. 2012)

# ⊕ PEOPLE V. ASHLEY

N.Y. APP. DIV.  · APPELLATE DIVISION OF THE SUPREME
COURT OF THE STATE OF NEW YORK  ·  MOTION NO:
#104679  ·  02-03-2012  · THE PEOPLE OF THE STATE OF
NEW YORK, RESPONDENT, V. PATRICK R. ASHLEY, APPEL-
LANT.

PETERS

## DECISION AND ORDER ON MOTION

Motion for writ of error coram nobis to vacate decision and or-
der of this Court in People v Ashley (89 AD3d 1283 [2011]).

Upon the papers filed in support of the motion and the papers
filed in opposition thereto, it is

ORDERED that the motion is denied.

PETERS, J.P., LAHTINEN, STEIN, McCARTHY and GARRY, JJ.,
concur.

ENTER:

Robert D. Mayberger

Clerk of the Court

© 2015 Casetext, Inc.

Contact (mailto:contact@casetext.com)   Features (/features)